UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 DEC -1 PM 2: 25
N.D. OF ALABAMA

CARL A. BROCK, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 97-S-1572-NE
)
ALABAMA BEVERAGE CONTROL, )
BOARD, A DIVISION OF THE )
STATE OF ALABAMA, )
)
    Defendant. )
)

ENTERED
DEC 0 1 1998

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment. Upon review of the pleadings, brief, and evidentiary materials submitted by defendant,[1] the court finds that defendant's motion is due to be granted.[2]

### I. FACTS

Plaintiff, who appears *pro se*, was employed by the Alabama Alcoholic Beverage Control Board (ABC Board) on May 10, 1972, in the position of ABC Agent I. He was promoted to the position of

---

[1] In the absence of any evidentiary submissions by plaintiff, the court relies on defendant's exhibits, which include plaintiff's deposition, affidavit of Charlie Baugh, ABC Personnel Policies and Procedures, and Rules of the State of Alabama Personnel Board.

[2] The court notes plaintiff was given notice of the dates by which he should submit any materials in opposition to defendant's motion: see submission order entered October 1, 1998 (Doc. No. 13). Therefore, it cannot be seriously contended that plaintiff was unaware of his burdens under Rule 56 of the *Federal Rules of Civil Procedure*.

Assistant Director of Enforcement on February 6, 1993. As part of the promotion, plaintiff was subject to a six month probationary period. Within the six months, plaintiff was demoted to his prior position, following the return of a former employee to his position.

During February of 1996, an assistant director of enforcement position became available, and a certification of eligibles was prepared. Letters of availability of the position were sent to the following persons on February 16, 1996: Carl A. Brock, Jerry W. Bradford, Roy H. Houlton, Jr., Michael L. Bishop, George L. Knight, Van Kominitsky, Charels R. McKinney, and Michael D. White.

Assistant Administrator Alex Dillashaw and Chief of Enforcement Charles Baugh interviewed the candidates on March 6, 1996. In accordance with plaintiff's request, plaintiff was interviewed by telephone, rather than in person. During that interview, plaintiff refused to answer the interview questions which each candidate had been asked, and also expressed his desire that the position be transferred from Montgomery to Huntsville. Plaintiff was informed the position would remain in Montgomery.

The interview committee determined that Roy H. Houlton, Jr., was the most qualified candidate. Plaintiff voluntarily retired in late August of 1996, so as to qualify for a retirement bonus.

2

On September 24, 1996, plaintiff filed a charge of discrimination with the EEOC, alleging that the ABC Board had discriminated against him because of his age. At the time, plaintiff was fifty-two years of age. In his charge plaintiff alleged the age discrimination took place between February 16, and March 30, 1996. Plaintiff received his notice of his right to sue on April 2, 1997.

The instant suit solely involves plaintiff's complaint of age discrimination based on the selection of Ray H. Houlton, Jr., as the Assistant Director of Enforcement. At the time of he was selected, Roy Houlton was over forty years of age.

## II. DISCUSSION

Plaintiff has not responded to defendant's motion. When a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury

3

to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Defendant argues summary judgment is due to be granted as to each of plaintiff's claims. Upon review of the pleadings, defendant's motion, evidentiary submissions, brief, and the authorities cited therein, and viewing the evidence in a light most favorable to plaintiff, this court concludes that defendant's arguments are correct as to all of plaintiff's claims. Moreover, as plaintiff has made no effort to supplement the record or otherwise meet his Rule 56 burden, despite notice that he should do so,[3] summary judgment is appropriate. Accordingly, the court adopts defendant's arguments as its own, and finds defendant's motion is due to be granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

---

[3] See note 2 *supra*.

4

DONE this __1st__ day of December, 1998.

_____
United States District Judge